**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 12-01741 VAP (OPx)                              Date:  October 22, 2012

Title:        HICA EDUCATION LOAN CORPORATION -v- JOEL E. DELAPAZ
==================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

      Marva Dillard                                       None Present
      Courtroom Deputy                                  Court Reporter

ATTORNEYS PRESENT FOR                 ATTORNEYS PRESENT FOR
PLAINTIFFS:                                         DEFENDANTS:

      None                                                      None

PROCEEDINGS:       MINUTE ORDER TO SHOW CAUSE RE: JURISDICTION
                                 (IN CHAMBERS)

    On October 10, 2012, Plaintiff filed this action to enforce a federally insured student loan debt, asserting this Court's jurisdiction pursuant to 28 U.S.C. § 1331, which grants jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

    Plaintiff asserts that its claim arises out of the Health Education Assistance Loan ("HEAL") Program.  (Compl. ¶ 3.)  HEAL is a program through which the federal government insures education loans for students seeking educational training in the medical field.  <u>See</u> 42 U.S.C. § 292 et seq.  Eligible loans are generally not dischargeable in bankruptcy, and the Secretary of the Department of

**EDCV 12-01741 VAP (OPx)**
**HICA EDUCATION LOAN CORPORATION v. JOEL E. DELAPAZ**
**MINUTE ORDER of October 22, 2012**

Health and Human Services will reimburse lenders who have made substantial efforts to collect defaulted loans.  42 U.S.C. § 292f.

     Although Plaintiff asserts that Defendant violated the HEAL Program regulations by defaulting on his loan obligations, the statutes governing the HEAL Program do not appear to create a private right of action under federal law. Plaintiff's action appears to be a state law claim for enforcement of a promissory note.  Plaintiff, thus, did not bring this action under a right "arising under" the U.S. Constitution or a federal statute.  See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (holding that whether a case "arises under" federal law "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").  Courts have dismissed at least eight of Plaintiff's similar actions for lack of subject matter jurisdiction.  See, e.g., HICA Educ. Loan Corp. v. Brunson, No. 2:11-cv-7119-CAS (PLAx) (C.D. Cal. Nov. 10, 2011); HICA Educ. Loan Corp. v. Evans, No. 2:11-cv-7121-JFW (AJWx) (C.D. Cal. Nov. 9, 2011); HICA Educ. Loan Corp. v. Waters, No. 8:11-cv-1262-JST (MLGx) (C.D. Cal. Nov. 7, 2011); HICA Educ. Loan Corp. v. Rosenthal, No. 2:11-cv-7072-PA (FMOx) (C.D. Cal. Nov. 7, 2011); HICA Educ. Loan Corp. v. Doan, No. 2:11-cv-7122-PA (Cwx) (C.D. Cal. Oct. 31, 2011); HICA Educ. Loan Corp. v. Mezernich, No. 2:11-cv-7111-VBF (RZx) (C.D. Cal. Oct. 11, 2011); HICA Educ. Loan Corp. v. Danziger, No. 11 Civ. 1690(MGC), 2012 WL 3264366 (S.D.N.Y. Aug. 10, 2012).

     Whether or not a party questions a federal court's subject matter jurisdiction, the district court must raise and address the issue sua sponte.  See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230–31 (1990).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

     Accordingly, Plaintiff is ordered to show cause in writing no later than November 2, 2012, why this matter should not be dismissed for lack of subject matter jurisdiction.  Failure to respond timely may result in dismissal.

     **IT IS SO ORDERED.**